UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                          CRIMINAL NO. 3:14-CR-117-DPJ-FKB

MARCOS JONES

ORDER

Defendant Marcos Jones has filed a Motion for Modification or Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A).  Mot. [340].  Because Jones has not demonstrated entitlement to relief under § 3582, his motion is denied.

I.     Facts and Procedural History

On August 19, 2014, the federal grand jury indicted Jones and nine other individuals in a drug-trafficking conspiracy.  Jones faced seven counts, and on April 16, 2015, he pleaded guilty to two:  conspiracy to possess with intent to distribute 50 grams or more of actual methamphetamine, and being a felon in possession of a firearm.  On December 3, 2015, the Court sentenced Jones to a below-guidelines 160-month total term of incarceration.

Jones, a 41-year old African-American man with hypertension, high cholesterol, and asthma, is currently housed in the low-security facility at the Federal Correctional Institution at Oakdale, Louisiana (FCI Oakdale I).  While FCI Oakdale I had an early outbreak of COVID-19 cases, as of October 9, 2020, the facility reports that thirteen staff members and three inmates have active cases of the virus.[1]  According to the Bureau of Prisons (BOP) website, Jones is

---

[1] Also as of October 9, 2020, seven FCI Oakdale I inmates and zero staff members have died from COVID-19, and 213 inmates and 21 staff members have recovered from the virus.  At the medium-security facility on the same campus as FCI Oakdale I, six inmates and nine staff members have active cases of the virus, one inmate and zero staff members have died from COVID-19, and nine inmates and six staff members have recovered from the disease.

scheduled to be released on April 17, 2026. Fearing he will face significant complications if he contracts COVID-19, given his underlying health conditions, Jones asks the Court to modify his sentence and order his release.

II.     Analysis

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Government does not dispute that Jones exhausted as required by the statute. So the question before the Court is whether, "considering the factors set forth in [§] 3553(a)," "extraordinary and compelling reasons warrant" a reduction in Jones's sentence, "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

In a slightly different context, the Supreme Court found the Sentencing Commission's applicable policy statements binding on district courts. *See Dillon v. United States*, 560 U.S. 817, 830 (2010) (considering § 3582(c)(2), which permits a sentence reduction where the applicable guideline range has been lowered "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). But the question is whether there is presently an applicable policy statement because "[t]he Sentencing Commission has not issued a

relevant policy statement since 18 U.S.C. § 3582(c)(1)(A) was amended to permit defendants to file motions for compassionate release" on their own behalves.  *United States v. Woods*, No. 1:17-CR-118-LG-JCG, 2020 WL 3452984, at *2 (S.D. Miss. June 24, 2020).

Looking to those policy statements, § 1B1.13 "essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant 'not be a danger to the safety of any other person or to the community.'"  *United States v. Dunlap*, No. 1:02-CR-165, 2020 WL 2062311, at *1 (M.D.N.C. Apr. 29, 2020) (quoting U.S.S.G. § 1B1.13(2)).  The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release.  Application Note 1 states:

> Provided the defendant [is not a danger to the safety of any other person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant --
>
> (i) The defendant is suffering from a terminal illness[.]
>
> (ii) The defendant is [suffering from a health condition] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)  Age of the Defendant -- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C)  Family Circumstances --
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D)  Other reasons -- As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason

> other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

Some courts continue to follow this policy statement and require proof that the defendant's circumstances meet the listed examples; other courts do not. *Compare United States v. York*, Nos. 3:11-CR-76, 3:12-CR-145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019) (holding that "courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction), *with United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019) (concluding after amendment of § 3582(c)(1)(A) that "the Director's prior 'interpretation of "extraordinary and compelling" reasons is informative,' but not dispositive" (quoting *United States v. Adams*, No. 6:94-CR-302, 2019 WL 3751745, at *3 (M.D.N.C. Aug. 8, 2019))).

The Second Circuit Court of Appeals addressed this issue head on in *United States v. Brooker*, No. 19-3218-CR, 2020 WL 5739712 (2d Cir. Sept. 25, 2020). That appellate court construed the First Step Act and Guideline § 1B1.13, concluding that the latter "is not 'applicable' to compassionate release motions brought by defendants[. Thus,] Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *Id.* at *6.

Only two Fifth Circuit cases have touched this point. First, in *United States v. Gonzalez*, the court affirmed the denial of a compassionate-release motion in a case in which the district court "cite[d] to and quote[d] § 1B1.13." 819 F. App'x 283, 284 (5th Cir. 2020). The Fifth Circuit found no error where "the order's reference to the Guidelines [c]ould fairly be read as one step in the district court's own determination of whether extraordinary and compelling

4

reasons warrant a reduction of [the defendant's] sentence." *Id.* The court did not select *Gonzalez* for publication.

A few weeks later, the Fifth Circuit went a little further in another unpublished opinion. In *United States v. Bell*, the defendant sought compassionate release because his sentence was unduly long, among other reasons. No. 20-10427, 2020 WL 5823316, at *1 (5th Cir. Sept. 30, 2020). The Fifth Circuit noted that under § 3582(c)(1)(A), the reduction must be "consistent with [the § 1B1.13] policy statement," the commentary to which "provides a list of circumstances that constitute 'extraordinary and compelling reasons.'" *Id.* (quoting U.S.S.G. § 1B1.13 commentary (n.1(A)–(D))). The court concluded that Bell's case did not present an extraordinary and compelling reason for release because he did "not contend that he qualifie[d] for any of the circumstances listed in the commentary, and, indeed, a reduction of his sentence based on his proffered reasons would not be consistent with the policy statements set forth in § 1B1.13." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

Four points about *Bell* are necessary. First, the court clearly asked whether Bell's circumstances "qualified" under one of the four examples listed in § 1B1.13's application note. *Id.* So, unlike the Second Circuit's *Brooker* decision, the panel applied § 1B1.13 to a motion brought by the defendant. Second, the court may have left a little wiggle room by noting that Bell did not qualify under the examples, "and, indeed, a reduction of his sentence based on his proffered reasons would not be *consistent with* the policy statements set forth in § 1B1.13." *Id.* Does that mean defendants must demonstrate one of those circumstances or just something that could be viewed as "consistent with" them? Third, *Bell* was not a COVID-19 case, so we do not know whether the court would have viewed those circumstances as being consistent with the

5

enumerated ones. And Fourth, the court did not select *Bell* for publication, making the opinion persuasive but not binding authority.[2]

At bottom, neither *Bell* nor *Gonzalez* are binding, but both suggest that § 1B1.13 and the circumstances listed in its application note should be considered—if not applied. Like the district court in *Gonzalez*, this Court will continue to consider § 1B1.13 as part of its analysis of whether extraordinary and compelling reasons support a sentence modification. *See Woods*, 2020 WL 3452984, at *2 ("Regardless of whether the policy statement remains binding, it continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release.").

In this case, Jones does not suggest that his underlying medical conditions, separately or taken together, fit within Application Note 1(A), and he does not contend that subsections (B) or (C) apply. Instead, he argues that the threat of a COVID-infection, given his underlying health conditions, constitutes an extraordinary and compelling reason for a sentence modification. The CDC has stated that "[b]ased on what we know at this time, people with [asthma, hypertension, or high blood pressure] **might be at an increased risk** for severe illness from COVID-19." Centers for Disease Control, Coronavirus Disease 2019, People at Increased Risk of Severe Illness, People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-

---

[2] District courts have been flooded with Coronavirus-related motions for compassionate release. Whether relief is limited to the four circumstances listed in the application note to § 1B1.13 comes up in nearly every case and "has split district courts across the country." *Brooker*, 2020 WL 5739712, at *5. This Court therefore hopes the Fifth Circuit will be given an opportunity to address it in a published opinion.

ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last updated Sept. 11, 2020) (emphasis in original).

Nevertheless, a number of courts have rejected the argument that the potential increased risk justifies a sentence modification. *See United States v. Chambers*, No. 18-47, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020) (collecting cases). Were Jones correct that his medical conditions entitle him to compassionate release, every inmate with an underlying condition that might lead to an increased risk for complications in the event of a COVID-19 infection would present extraordinary and compelling reasons for a sentence modification. Nor has Jones shown that his risk of contracting COVID-19 while housed at FCI Oakdale I is markedly higher than his risk would be if released; whereas FCI Oakdale I got its early outbreak under control, the number of reported infections is increasing throughout Mississippi.

Moreover, the § 3553(a) factors do not support a sentence modification. Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kids of sentences available;
>
> (4) the kinds of sentences and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]

> . . . .
>
> (5) any pertinent policy statement . . . [;]
>
> . . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Jones's projected release date is in April 2026, so he has served less than 60% of the sentence the Court originally considered appropriate under the § 3553(a) factors. Those factors remain valid. First, the Court must consider the nature and circumstances of the offenses and the history and characteristics of the defendant. Jones participated in a wide-spread drug-trafficking network to distribute methamphetamine. He also possessed a firearm despite a prior felony conviction for drug-trafficking. It is also noteworthy that when arrested in this case, Jones was apparently providing a gun that was to be used to murder a co-conspirator. The original sentence was a just punishment and was required to promote respect for the law while providing deterrence.

Reducing the sentence would also create sentencing disparities. Jones was one of 9 co-defendants. Those parties can be divided into two groups. Jones and three others were among the more culpable, receiving sentences between 133 months and 300 months. The other five defendants were less culpable and received terms of incarceration between 36 and 66 months. Granting Jones's motion would place him in the same range as those who were far less responsible than he was.

The Court noted during sentencing that Jones appeared to have grown as a person since his arrest. And while that growth is commendable and should be encouraged, the Court

8

accounted for it when determining the original sentence.  Reducing Jones's sentence at this point by more than 40% would fail to reflect the nature and circumstances of the offense, his history and characteristics, or the seriousness of the offense, and a reduction would not promote respect for the law, provide just punishment for the offense of conviction, protect the public from further crimes, or acknowledge the need to avoid sentencing disparities.

III.    Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Jones's Motion for Modification or Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A) [340] is denied.

**SO ORDERED AND ADJUDGED** this the 9th day of October, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE